EDWARD S. ROWLAND vs. THE APOTHECARIES' HALL COMPANY.

In a suit against a corporation upon a note and checks signed by *W* as its treasurer upon which money was loaned by the plaintiff, it was claimed by the defendants that the money was obtained by *W* for his own use and that the plaintiff knew the fact. On the trial to the jury the defendants offered in evidence their cash book to show that they never had the money. The court ruled the evidence inadmissible unless they first showed that the plaintiff knew in fact or had reasonable ground for knowing that the money was not intended for the company. Held—that if the court meant that they must first prove this knowledge to the satisfaction of the court, it was erroneous, as it belonged to the jury alone to weigh the evidence on that point; but that if there was no pertinent evidence upon it to go to the jury, the defendants were not harmed by the ruling, and so were not entitled to a new trial even though the ruling might be erroneous.

The defendants requested the court to charge the jury that if they should find that *W* as treasurer negotiated their paper for his own use, and the plaintiff took it when the circumstances of the transaction were such as to excite the suspicion of an ordinary man and put him on enquiry, he could not recover. The court instructed them that if they should find that the money borrowed was not for the use of the defendants, and the plaintiff knew or had good cause to know the fact, or if for any other reason the plaintiff did not in good faith trust the credit of the defendants, their verdict should be for the defendants. Held that the charge was not open to objection.

ASSUMPSIT, brought to the City Court of the city of New Haven, and tried to the jury before *Pardee, J.* Verdict for the plaintiff and motion for a new trial by the defendants for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*J. Sheldon*, with whom was *H. F. Hall, Jr.*, in support of the motion.

*C. S. Hamilton,* contra.

LOOMIS, J.   The plaintiff in this action seeks to recover of the defendants the amount due on two bank checks and one promissory note, which in the aggregate represent the amount of money loaned by the plaintiff on the credit of the defendant corporation and for its benefit, as the plaintiff supposed. The checks were signed "Wm. M. White, Treasurer," and were drawn on the bank where the cash funds of the defendants were kept.   The note was signed in the corporate name of the defendants "by White, Treasurer."   The bank had been in the habit of cashing checks for the defendants signed in either of the ways above mentioned.

The general question in the court below was whether the acts of White in procuring the money and in giving the obligations referred to were binding on the defendants.   It was, however conceded that he was their general financial agent, that he was a director and treasurer of the corporation at the time in question, and that he had all the powers which the following by-law of the company could confer:—"It shall be the duty of the treasurer to receive and keep the cash funds and notes belonging to the company, and he shall cause to be entered regularly on the books kept for that purpose all moneys received and disbursed on account of said company, which books shall at all reasonable times be open to the inspection of the stockholders of said company; and in the prosecution of the business of said company (but for no other purpose) said officer may in behalf of the corporation make, draw, endorse and accept checks, notes and bills of exchange."

It is quite manifest that the defendants had clothed their treasurer with at least an apparent authority to borrow the money and give the checks and note in question.   This does not seem to have been denied at the trial.   The objective point of the defence was to impeach the plaintiff's good faith in making the loan on the credit of the defendants.   And for this purpose two facts were attempted to be proved:—1st. That the money was not obtained for the use of the defendants, but for the private use of White; and 2d. That the

plaintiff either knew or had reasonable ground to know that such was the fact.

The existence of the fact and the plaintiff's knowledge of it were both indispensable. If either was wanting proof of the other would avail nothing. But while the trial was progressing and the defendants in good faith were offering testimony tending to prove the matter relied upon, they ought to have been allowed to do so by taking one step at a time. The moment however when it was conceded or had become certain that there was no evidence to sustain one essential part of the defence relied upon, it was well for the court to interpose to avoid an unnecessary consumption of time. The motion states the question in controversy as follows:—"The defendants offered in evidence their cash book to show that the money did not go to the use of the defendants, but the court ruled that this could not be done without first showing that the plaintiff knew in fact, or had reasonable ground to know, that the proceeds were not intended by White for the company. The defendants claimed that White's insolvency and the requests for delay were sufficient for this purpose, but the claim was overruled, and there being no other evidence on this point, the books were excluded." If we are to construe this ruling as involving an assumption that the plaintiff's knowledge should first be proved and found by the court as a fact in order to lay the foundation for the admissibility of the other evidence, it was erroneous, for, if there was any evidence tending to prove the fact of this knowledge on the part of the plaintiff, it was the exclusive province of the jury and not of the court to weigh that evidence and find the fact. If however there was no evidence for the jury to weigh, from which they might find knowledge or means of knowledge on the part of the plaintiff, the defendants were not aggrieved and are not entitled to a new trial, though the ruling as a legal proposition might involve error.

On this point the motion shows that the only evidence which the defendants offered or proposed to offer, was White's insolvency, and the fact that White requested some delay in the presentation of the checks for payment. But it seems clear that these facts, so far from tending to show knowledge

or means of knowledge on the part of the plaintiff, are far more consistent with his claim that he loaned the money to the defendant corporation relying solely on its credit.

The other ruling of the court, rejecting as evidence the check of Samuel Noyes, admits of a similar answer, with the additional one that it was "*res inter alios acta.*"

The charge to the jury is complained of. The defendants asked the court to charge that if the jury should find that White, being treasurer and an officer or agent of the corporation, negotiated its paper for his own use and not for the business of the corporation, when the circumstances of the transaction as they were proved to have been known to the party dealing with him, were such as to excite the suspicion of an ordinary man and to put him upon inquiry as to the good faith of the officer or agent in that transaction towards the corporation, the party taking such paper could not hold the company liable. The court charged as follows:—"If you find that Dr. White, the treasurer, had express authority to sign the notes and checks and effect the loan in question, or if you find that these acts were within the apparent scope of his authority, or within the scope of the authority which he was accustomed to exercise without objection by these defendants, your verdict should be for the plaintiff; but if you find that borrowing this money in the way testified to and giving this paper was not within the authority expressly given to him, or within the apparent scope of the authority which he was accustomed to exercise, then your verdict should be for the defendants; and if you should find that this money borrowed, or received for the paper in suit, was not for the use of the defendants, and the plaintiff knew or had good cause to know the fact, or if for any other reason the plaintiff did not in good faith trust the credit of the defendants, then your verdict should be for the defendants."

We think, under the circumstances, this instruction was correct, adapted to the issue, and sufficient for the guidance of the jury.

A new trial is not advised.

In this opinion the other judges concurred.